# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

D.K., a minor, by her next friend,
JACOB KHALAF,

    Plaintiff,

v.

Plymouth-Canton Community Schools
District; CARISSA SORANNO, in her
individual and official capacity;

    Defendants.

Case No.

Hon.

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff D.K. (a minor) by her next friend Jacob Khalaf, and by her attorneys, who state as follows:

## INTRODUCTION

1. The ongoing armed conflict in the Gaza region of Palestine is a source of great distress for Plaintiff, D.K., a 14-year-old student at East Middle School in the Plymouth-Canton Community Schools district. D.K.'s family is of Palestinian descent. On three separate occasions D.K. decided to quietly and without disturbing her class, remain seated during the class recitation of the Pledge of Allegiance. Defendant Soranno admonished and publicly humiliated D.K. for

her actions. The Defendant school district was aware of the teacher's actions and failed to act in ways that would protect Plaintiff's rights. The Defendants' acts and omissions violated Plaintiff's First Amendment rights (made applicable to the states through the Fourteenth Amendment) and state law prohibiting the school from forcing a student to recite the Pledge of Allegiance. Plaintiff seeks a judgment that includes: a declaration that Defendants' actions were unconstitutional, compensatory damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2. This action arises under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 2201; and 28 U.S.C. § 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 83.10.

## PARTIES

5. Plaintiff D.K. is a citizen of the United States and a resident of Canton, Michigan. She is enrolled in East Middle School which is administered by Defendant Plymouth-Canton Community Schools. She is 14 years old, and she pursues this action through her father and next friend Jacob Khalaf.

2

6. Defendant Plymouth-Canton Community Schools is a public school district and a body corporate organized under the laws of the State of Michigan located in Wayne and Washtenaw Counties, Michigan and the Eastern District of Michigan.

7. Defendant Carissa Soranno was at all material times a teacher at East Middle School, and she is sued both individually and in her official capacity as a teacher employed by Plymouth-Canton Community Schools.

## FACTS

8. Defendant Plymouth-Canton Community Schools is a public school district in Wayne and Washtenaw Counties, Michigan that serves residents of the cities of Plymouth and Canton.

9. Defendant Carissa Soranno was at all times relevant to this action, employed as a teacher at East Middle School in the Plymouth-Canton Community Schools district.

10. On or about January 6, 2025, Plaintiff D.K.'s class was asked by Defendant Soranno to stand and recite the Pledge of Allegiance.

11. D.K. and her parents are of Palestinian descent, and at the time, D.K. was, and remains highly disturbed by the thousands of deaths in Palestine that were caused by the Israeli Defense Forces.

3

12. D.K. believes that the deaths caused by the Israeli Defense Forces in Palestine were financially supported, and either implicitly or expressly supported, by the U.S. government.

13. Because of her political beliefs, D.K. declined to stand and recite the Pledge of Allegiance with her classmates. She sat quietly while her classmates recited the Pledge.

14. When D.K. declined to stand or recite the Pledge, Defendant Soranno disrupted the class and admonished her in the presence of her classmates. Soranno told D.K. that remaining seated was disrespectful, that D.K. was specifically disrespectful to U.S. military forces and the flag, and that she should stand. D.K. refused to stand.

15. Afterwards, a "corrective action notice" from Defendant Plymouth-Canton Community Schools was sent to Defendant Soranno which states: "During the week of 1/6 – 1/10/2025, you made multiple comments expressing your beliefs as to why students should stand for the Pledge of Allegiance." The notice goes on to state: "This is a direct violation of what was discussed at the staff meeting dated January 6, 2025."

16. Upon information and belief, after learning of Defendant Soranno's actions, Defendant Plymouth-Canton Community Schools did nothing more to protect Plaintiff's First Amendment rights than conduct a staff meeting discussion.

17. Notwithstanding the staff meeting on January 6, 2025 and the corrective action notice Defendant Soranno received, three days later on or about January 9, 2025, when D.K. again declined to stand or recite the Pledge of Allegiance, Defendant Soranno instructed D.K. to stand and when D.K. refused, Defendant Soranno admonished her and told her that she was disrespectful to the U.S. military forces and the flag, and that she should stand. Defendant Soranno disrupted class to admonish D.K.

18. On or about January 10, 2025, D.K. declined to stand or recite the Pledge and sat quietly while her classmates recited the Pledge. Defendant Soranno, on a third occasion, urged D.K. to stand. In the presence of the rest of the class, Defendant Soranno admonished D.K. by telling her she was being disrespectful and that she should be ashamed of herself.

19. When the class ended, D.K. approached Defendant Soranno privately and explained that she is Palestinian and that she has sincere and serious concerns about the role that the United States has played in the continuing violence in Gaza. Defendant Soranno responded by stating: "Since you live in this country and enjoy its freedom, if you don't like it, you should go back to your country."

20. As a result of Defendant Soranno's actions, D.K. suffered extensive emotional and social injuries. These include, among other things, inability to

5

sleep, recurring nightmares, adoption of a more guarded demeanor, and high levels of stress. Her weakened emotional state has compromised her physical health, and she suffered what her pediatrician described as "the worst case of pneumonia" that physician had seen in more than a year. D.K. has sought out and relied on therapy to cope with these circumstances. In addition to the emotional injuries, D.K. has had to cope with friends who want to distance themselves from her because of these incidents. The consequence has been isolation during a period when contact with peers is highly valued and necessary for D.K.'s wellbeing. The impact of these incidents has negatively affected D.K.'s academic performance – a student with a nearly perfect record.

21. At all relevant times, Defendants and their agents were acting under color of state law.

## CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – <u>Violation of the First Amendment</u>

22. Plaintiff hereby incorporates by reference paragraphs 1 – 21.

23. Plaintiff's decision to remain seated quietly and not recite the Pledge of Allegiance is speech protected under the First Amendment to the U.S. Constitution.

24. By attempting to compel Plaintiff to stand and recite the Pledge of Allegiance, Defendants violated D.K.'s clearly established right to free speech and expression, and in particular her right to political expression guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution, and by Michigan law. *West Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943).

25. Defendant Soranno admonished and insulted D.K. for silently sitting during the Pledge of Allegiance because she disagreed with the content of D.K.'s speech.

26. D.K.'s speech did not cause any disruption of normal school activities or interfere in any manner with the educational function of East Middle School. There was no basis for any reasonable belief that D.K. remaining seated quietly would result in any substantial disruption of the school.

27. In violation of the First Amendment, Defendant Soranno publicly shamed and humiliated Plaintiff for exercising her right not to stand and recite the Pledge of Allegiance.

28. Defendants' actions have had the effect of creating for Plaintiff and other students who want to engage in protected speech an atmosphere of intimidation that can chill their exercise of their First Amendment right. Defendant Soranno's actions were objectively unreasonable in that a

reasonable educator would not have engaged in comparable conduct under comparable circumstances.

29. Defendant Plymouth-Canton Community Schools is liable to Plaintiff because it became aware of the conduct that is the subject of this action on January 6, 2025, the date when Defendant Soranno first admonished Plaintiff about not standing for the Pledge of Allegiance, and it knew or should have known of its duty pursuant to Mich. Comp. Laws § 380.1347a (2) and (3), and other legal authorities to immediately correct Defendant Soranno's conduct to prevent future harm.[1]

30. Though Defendant Soranno was instructed not to repeat her conduct, this admonition and/or other training (if any) provided to Defendant Soranno was inadequate to prepare her to continue her teaching duties without violating the First Amendment rights of Plaintiff and other students. A student's decision to sit quietly and not recite the Pledge of Allegiance is a foreseeable circumstance in which adequate training is required.

---

[1] Mich. Comp. Laws § 380.1347a (2) and (3) provide: "A pupil shall not be compelled, against the pupil's objections or those of the pupil's parent or legal guardian, to recite the pledge of allegiance. The board of a school district or intermediate school district or board of directors of a public school academy, and the school administrator in charge of a school building, shall ensure that a pupil is not subject to any penalty or bullying at school as a result of not reciting the pledge of allegiance."

31. In days subsequent to January 6, 2025, Defendant Plymouth-Canton Community Schools either failed to follow up, supervise, monitor and/or investigate Defendant Soranno's conduct and there was a failure to implement any or appropriate policies, training, and/or procedures for Defendant Soranno and other teachers regarding the protection of students' First Amendment rights; or any such actions taken were completely ineffective. This is evidenced by the fact that Defendant Soranno was at liberty to repeat her unconstitutional conduct on at least two additional occasions after Defendant Plymouth-Canton Community Schools first learned of it, and nothing was known of the additional constitutional violations until Plaintiff reported them after she had been forced to endure three experiences of this kind.

32. Defendant Plymouth-Canton Community Schools' failure to supervise, follow up, monitor and/or investigate Defendant Soranno's conduct and to implement any or appropriate policies, training, and/or procedures for Defendant Soranno and other teachers regarding the protection of students' First Amendment rights, amounts to deliberate indifference because the flagrantly constitutionally offensive conduct exhibited by Defendant Soranno rendered the likelihood that she would persist in such conduct plainly obvious, and Defendant Plymouth-Canton Community Schools was aware, or

reasonably should have been aware, that the failure to follow through with monitoring and supervision would result in a constitutional violation.

33. Defendant Plymouth-Canton Community Schools' failure to supervise, follow up, monitor and/or investigate Defendant Soranno's conduct and to implement any or appropriate policies, training, and/or procedures for Defendant Soranno and other teachers regarding the protection of students' First Amendment rights was a direct and proximate cause of extensive social and emotional injuries to Plaintiff, entitling her to declaratory, injunctive, and compensatory relief as well as costs, attorneys fees and other relief the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants for:

a) a declaratory judgment that Defendants violated Plaintiff's First Amendment right to quietly decline to stand and recite the Pledge of Allegiance;

b) an injunction against Defendants discouraging or interfering with the efforts of Plaintiff and other students to express political viewpoints through their actions, and specifically by declining to stand and recite the Pledge of Allegiance;

c) compensatory damages;

d) costs of this action and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988;

e) such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/ Mark P. Fancher
Mark P. Fancher (P56223)
Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union Fund
of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6822
mfancher@aclumich.org
bkitaba@aclumich.org

**ARAB AMERICAN CIVIL RIGHTS LEAGUE**
Nabih H. Ayad (P59518)
William D. Savage (P82146)
Ayad Law PLLC
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nabihayad@ayadlawpllc.com
filing@ayadlawpllc.com

*Attorneys for Plaintiff*

Dated: June 25, 2025