# EXHIBIT 1

Settlement Agreement

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.K., a minor, by her next friend,
JACOB KHALAF,

        Plaintiff,

v

PLYMOUTH-CANTON COMMUNITY
SCHOOLS and CARISSA SORANNO,

        Defendants.

Judge Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford
No. 25-11914

/

MARK P. FANCHER (P56223)
BONSITU KITABA-GAVIGLIO (P78822)
MARC S. ALLEN (82312)
AMERICAN CIVIL LIBERTIES UNION
FUND OF MICHIGAN
*Attorneys for Plaintiff*
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6822
mfancher@aclumich.org
bkitaba@aclumich.org
mallen@aclumich.org

NABIH H. AYAD (P59518)
WILLIAM D. SAVAGE (P82146)
AYAD LAW PLLC
*Attorneys for Plaintiff*
645 Griswold St., Ste. 2202
Detroit, MI 48226
(313) 983-4600
nabihayad@ayadlawpllc.com
williamsavage@ayadlawpllc.com
filing@ayadlawpllc.com

KENNETH B. CHAPIE (P66148)
LINDSAY P. HAZEN (P85861)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendant Plymouth-Canton*
  *Community Schools*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7048
kchapie@gmhlaw.com
lhazen@gmhlaw.com

GREGORY W. MAIR (P67465)
KAILEN C. PIPER (P82865)
O'NEILL, WALLACE & DOYLE, P.C.
*Attorneys for Defendant Soranno*
300 St. Andrews Road, Suite 302
Saginaw, MI 48638
(989) 790-0960
gmair@owdpc.com
kpiper@owdpc.com

# SETTLEMENT AND RELEASE AGREEMENT

The parties to the above-captioned matter, desiring to fully and finally settle the pending litigation, hereby agree as follows:

## RECITALS

Whereas, D.K., Plaintiff in the above-captioned matter, initiated litigation by her next friend against Defendants (Case No. 2:25-cv-11914) concerning events that occurred between January 6, 2025 and January 10, 2025 that concerned her decision to decline to stand for the Pledge of Allegiance; and

Whereas, the parties have agreed to conclude the litigation by way of a mutually acceptable compromise agreement,

**NOW, THEREFORE,** for and in consideration of the mutual covenants and agreements contained herein, the parties agree as follows:

## Definitions Applicable to this Settlement Agreement

- **Plaintiff(s):** The word "Plaintiff(s)" means:
    - JACOB KHALAF, and his heirs, assigns, executors, administrators, conservators, and guardians; and
    - "D.K.", a minor, and her heirs, assigns, executors, administrators, conservators, guardians, attorneys, or any other representatives.
- **Defendant(s):** The word "Defendant(s)" means:
    - PLYMOUTH CANTON COMMUNITY SCHOOLS (the "District"), its employees (past and present), agents (past and present), independent contractors

2

(past and present), board members (past and present), attorneys (past and present) and insurers (past and present); and

- o CARISSA SORANNO, and her heirs, assigns, executors, administrators, conservators, guardians, attorneys, or any other representatives.

- **Lawsuit**: The word "Lawsuit" has the meaning assigned to it in Section 1(b).

- **Effective Date**: The words "Effective Date" means the date that this Agreement is executed below.

1. **Agreement:**

    a. **Release:** Plaintiffs hereby release and forever discharge Defendants from any and all claims related to matters which are the subject of the lawsuit, including, but not limited to:

        i. Any claim made pursuant to any state or federal statute, including, but not limited to claims made under the First Amendment and all other federal and state statutes;

        ii. Any contract or quasi-contract claim, including but not limited to, claims for breach of contract, quantum meruit, unjust enrichment, or promissory estoppel;

        iii. Any tort claim, including, but not limited to, negligence, gross negligence, intentional tort, or any business tort;

        iv. Any and all claims for past, present or future economic loss, including but not limited to expenses and lost wages and costs incurred for medical care and treatment, and any and all claims for punitive or exemplary damages;

        v. Any and all claims for past, present and/or future pain and suffering, loss of consortium or companionship, infliction of emotional distress or anguish,

3

claims for mental anxiety or embarrassment or any physical, emotional or neurological injuries whatsoever;

   vi.   Any claims for injunctive or equitable relief;

   vii.   Any claims for costs or attorney fees; or

   viii.   Contribution or indemnification.

This release includes all claims made, or that could have been made, by Plaintiffs in the Lawsuit. Plaintiffs agree that the release contained in this Settlement Agreement and Release is intended as a complete, full and final release of any and all claims Plaintiffs may have against Defendants arising from matters that are the subject of the lawsuit occurring from the beginning of time through the Effective Date and that no claims are reserved. Plaintiffs agree that this Settlement Agreement and Release is to be read as broadly as possible to preclude any claim by Plaintiffs against Defendants arising from matters that are the subject of the lawsuit occurring from the beginning of time through the Effective Date.

b.  **Dismissal of Lawsuit and Appeal with Prejudice**: Plaintiffs' Lawsuit – *D.K., a minor, by her next friend, Jacob Khalaf v. Plymouth Canton Community Schools and Carissa Soranno*, United States Eastern District of Michigan Case No. 25-cv-11914 – will be dismissed with prejudice after the parties execute this Settlement Agreement and the settlement is approved by the Court, and this Release authorizes Plaintiffs' Counsel to sign a stipulated order of dismissal with prejudice, and without costs or attorney fees to any party.

2.  **Defendants' Obligations:** In consideration for the above release of all claims, dismissal of the above Lawsuit against Defendants with prejudice, and other consideration:

a. **Monetary Obligations:** Defendant Soranno shall pay Plaintiffs the total sum of **TEN THOUSAND & 00/100 DOLLARS ($10,000.00)** (the "Settlement Amount"). Defendant Soranno will make the above Settlement Amount payment without deductions or withholdings.

b. **Timing of Payment:** The above payment will be made no later than 30 days after the execution of this Agreement, conditioned upon:(1) the entry of the Court's Order of Dismissal with Prejudice of this Lawsuit in its entirety, (2) the necessary W9(s) are provided to Defendants, (3) the supplied Medicare Affidavit(s) are completed, and (4) the necessary Court approval of this Settlement Agreement is obtained.

c. **Non-Monetary Obligations:** Defendant District:

   i. Shall, as needed, provide D.K with school counseling through the District Office of Student and Family Engagement (https://www.pccsk12.com/departments/student-and-family-engagement) which includes a school psychologist and social worker not normally available to the general school population;

   ii. Affirms D.K. will not be disciplined for any decision to not stand for the Pledge of Allegiance in January 2025;

   iii. Affirms D.K.'s school file shall be purged of anything that suggests that her actions related to her refusal to stand for the Pledge of Allegiance were in any way improper or in violation of school policy; and

   iv. Shall provide diversity/sensitivity training and First Amendment training to leadership and staff. Diversity/sensitivity training shall include the need for school district personnel to recognize, acknowledge, and be appropriately

tolerant and respectful of social, cultural and political differences that may exist within the school district community. First Amendment training shall include the rights of students to engage in expressive activities protected by the First Amendment as defined and limited by governing law. All referenced training shall be provided to personnel who have regular direct interactions with students through a process determined by the District.

3. **Tax Consequences:** Plaintiffs shall be solely responsible for the payment of any taxes that may arise from the payment made to them and their attorney pursuant to this Settlement Agreement and Release. Plaintiffs shall indemnify and hold harmless Defendants from any and all liabilities and claims relating to any taxes owed as a result of this settlement.

4. **Medicare/Medicaid/Other Liens:** Plaintiffs affirm and represent that Plaintiffs have not received Medicare/Medicaid benefits as a result of the incident(s) sued upon, and has no reasonable expectation of receiving Medicare/Medicaid benefits as a result of the incident sued upon. Plaintiffs shall be responsible and agree to indemnify and hold harmless Defendants from any medical bill, both past and future; including, but not limited to, any Medicare or Medicaid lien, social security disability payment, or any other lien or claim, including any claim c/o the Centers for Medicare and Medicaid Services or attorney claims and liens, if any, arising out of the subject incident and/or litigation.

5. **No Admission of Liability:** The Parties expressly acknowledge that the consideration for this Settlement Agreement and Release reflects a compromise of disputed claims; that this consideration is not to be construed as an admission of liability, which is expressly denied; and that said consideration is intended merely to avoid litigation with respect to said claims.

6

6. **Choice of Law/Forum Selection:** This Settlement Agreement and Release will be governed by the laws of the State of Michigan.

7. **Contract Interpretation:** No provision of this Settlement Agreement and Release shall be construed against or interpreted to the disadvantage of one Party against the other Party by any court or other governmental authority by reason of any determination or assertion that one Party was chiefly or primarily responsible for having drafted, dictated or structured such a provision.

8. **Ability to Retain Counsel:** Plaintiffs acknowledge that this Settlement Release Agreement is the result of substantial negotiations, and that Plaintiffs were represented by legal counsel. Except as expressly set forth herein, no representations of any kind or character have been made to induce Plaintiffs to execute this document.

9. **Full Agreement:** It is further understood and acknowledged that the terms of this Settlement Agreement and Release are contractual and are not a mere recital and that there are no agreements, understandings or representations made by Defendants regarding the subject matter of the Settlement Agreement and Release except as expressly stated herein. This Settlement Agreement and Release embodies the entire understanding of the Parties as to its subject matter, and all of the terms and conditions with respect to the matters discussed herein. It supersedes and annuls any and all other former agreements, contracts, promises or representations, whether oral or written, express or implied, between Defendants and Plaintiffs regarding the subject matter of this Settlement Agreement and Release.

10. **Modification:** This Settlement Agreement and Release may not be altered, superseded or otherwise modified except in writing, signed by the Party to be charged. If any portion of this

Settlement Agreement and Release is struck down or ruled to be unenforceable, the remainder shall remain in full force and effect.

**11. Headings:** The Headings in this Settlement Agreement and Release are for convenience only and cannot be used to alter the terms of this Agreement.

JACOB KHALAF
As Next Friend of D.K.

3-1-26
DATE

D.K.

3-1-26
DATE

CARISSA SORANNO

DATE

DR. MONICA MERRITT
As Representative of the District

3-3-26
DATE

8

Settlement Agreement and Release is struck down or ruled to be unenforceable, the remainder shall remain in full force and effect.

**11. Headings:** The Headings in this Settlement Agreement and Release are for convenience only and cannot be used to alter the terms of this Agreement.

_____                    _____
JACOB KHALAF                                                                     DATE
As Next Friend of D.K.


_____                    _____
D.K.                                                                                       DATE

_____                    03/13/26
Carissa Soranno (Mar 13, 2026 12:29:33 EDT)            _____
CARISSA SORANNO                                                           DATE


_____                    _____
DR. MONICA MERRITT                                                     DATE
As Representative of the District

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.K., a minor, by her next friend,
JACOB KHALAF,

Plaintiff,

v.

Case No. 25-11914
Hon. Laurie J. Michelson
Mag. Elizabeth A. Stafford

PLYMOUTH-CANTON COMMUNITY
SCHOOLS DISTRICT; CARISSA SORANNO,
in her individual and official capacity;

Defendants.

## STATEMENT OF PLAINTIFFS REGARDING SETTLEMENT

The undersigned Plaintiffs in the above-captioned matter hereby acknowledge that it is expected that the payment to Plaintiffs of Ten Thousand ($10,000) Dollars pursuant to the terms of the Settlement Agreement for this case will be made on behalf of Defendant Carissa Soranno by her insurance company.

This acknowledgment in no way releases Defendant Carissa Soranno from her obligation under the Settlement Agreement to personally pay Ten Thousand ($10,000) Dollars to Plaintiffs pursuant to the terms of the Settlement Agreement if for any reason payment is not made on her behalf. Further, this statement in no way waives any of Plaintiffs' rights under the Settlement Agreement.

_____
D.K.

_____
Jacob Khalaf

Date: 3-12-26